## UNITED STATES vs. CAMPBELL.

INFORMATION, FOR BREACH OF THE U. S. REVENUE LAWS.

A proceeding by information is only used in criminal cases.

The United States have no power to enlarge the jurisdiction of the State courts.

The State courts have not jurisdiction of offenses against the United States.

One sovereign State cannot use the judicial tribunals of another State to enforce its penal laws.

The proceeding, by information, is prohibited by the constitution of Ohio.

WRIGHT, for the United States.

HAMMOND, for the defendant.

THE case was stated in the opinion given by the president:

PRESIDENT.—This is an information filed by J. C. Wright, collector of the revenue for the sixth collection district of Ohio, against Alexander Campbell, for selling domestic distilled spirits without a license therefor from the collector, contrary to the act of Congress in

JEFFERSON.
June, 1816.

United States
v.
Campbell.

such case made and provided, and praying "that the said Alexander Campbell may forfeit and pay to the United States the sum of $150 penalty, and also the further sum of $15 duty by law imposed upon a license to retail," &c., "according to the provisions of the acts of Congress in such cases made and provided," &c.

Campbell has filed the following exceptions to the jurisdiction of this court:

"And the said Alexander Campbell says, that the information filed against him by John C. Wright, collector, contains no matter or thing to which he, the said Alexander, is in this court bound to answer for. That the retailing liquor by the quart is not an offence against any of the laws of the state of Ohio, of offences against which laws, only, this court can take jurisdiction. And for that, also, by the constitution of the state of Ohio, no man can be held to answer any offence, in the courts of said state, except upon indictment or presentment of a grand jury; wherefore, the said Alexander prays that he may be discharged from answering said information, and that the same may be quashed."

This is a very important question of jurisdiction, upon which, if I had doubts, I would take further time to deliberate before giving an opinion; as I have none, I will not delay the cause by a continuance, but proceed to give my opinion, notwithstanding the pressure of business may prevent my adverting to many of the reasons and grounds whereon that opinion is founded.

There can be no hesitation in asserting, that a proceeding, by information, is a criminal prosecution, and that it has always been used as such; see 4th Bl. Com., chap. 23d, and the King vs. Birchet and others, 1st Shower, 100. I refer to these authorities, as fully supporting both propositions.

The first question will then be: Can the United States prosecute, for offences against their laws, in the state courts? This will depend upon the constitution of the United States and the constitution of this state.

The state of Ohio is a sovereign and independent state, not controllable by any earthly power in the making or administration of its laws, except only in such particulars as it has delegated a portion of that sovereignty to the United States by the Federal Constitution, and as it has limited itself in the exercise of power by the same constitution.

The constitution of the United States creates a distinct and separate government from the several state governments, and it delegates specific and limited powers to the government so created. By the 3d article, sections 1 and 2, "the judicial power of the United States shall be vested in one supreme court, and in such inferior courts as the congress may, from time to time, ordain and establish;" and "the judicial power shall extend to all cases in law and equity, arising under this constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors, other public ministers, and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party," &c. The judicial power of the United States extends to the case now before this court, and that power is wholly vested in the United States courts. The supreme court of the United States has an appellate jurisdiction in all controversies to which the United States shall be a party. There is no clause in the constitution of the United States which authorises congress to give jurisdiction to the state courts, or to require the performance of any judicial duties of them. It cannot be said that congress, by their laws, ordained and established us a court of the U. States, for, by the operation of the 8th section of the 3d article of the constitution of the United States, if such were the fact, we should cease to be a state court. And will it be imagined, that an appeal can be taken from this court to the supreme court of the United States? The powers not delegated to the United States by the constitution are expressly secured to the states, or to the people; it follows necessarily and clearly to my mind, that congress have no power to vest any jurisdiction whatever in the state courts.

This is a criminal prosecution. It may well be doubted whether one sovereign state can sue in the municipal courts of another state; but waiving this point, as not necessary to be here decided, I assume it to be a settled principle in jurisprudence, that one sovereign state cannot make use of the municipal courts of another state, to enforce its penal laws. No one would doubt for an instant if the government of Great Britain or France, or even one of the other states of the Union; were to attempt to maintain a criminal prosecution in our courts, that it could not be permitted; and yet, as to its judicial powers, and its penal laws, the government of the United States is as much an independent state and separate government as Great Britain or France, or either of the United States.

JEFFERSON.
June, 1816.
United States
v.
Campbell.

JEFFERSON.
June, 1816.

United States
v.
Campbell.

I am aware that the government of the United States, and those of the individual states, are not, as to each other, in all respects *foreign* governments; but neither the courts of one or the other can try for criminal offences, unless they are such *quoad* the government from which they derive their authority. We are, in no respect whatever, officers of the United States government; we derive all our powers from the state of Ohio. It is true, that we have been sworn to support the constitution of the United States, and that that constitution, and the laws made in pursuance of it, are of paramount obligation : thus, a law of the United States may furnish a rule for the decision of a state court, as it oftentimes does, in determining a controversy between citizens; those laws may give us a rule in many cases where we have jurisdiction, but they cannot give us jurisdiction in any matter, unless the constitution of the United States has expressly authorized them so to do. 6th art. const. U. S.

It has been urged that the constitution gives to congress the power to lay and collect taxes, duties, imposts, excises, &c., and to make all laws which shall be necessary and proper for carrying that power into execution; that, to collect the excise, they have judged it necessary to vest a jurisdiction, in certain cases, in the state courts. If they have judged it to be *necessary,* I think they have been mistaken—*convenience* is not *necessity.* Their own tribunals are sufficient to enforce their own laws. If it be true that congress, under this provision of the constitution, may pass any laws they deem necessary to carry their specific powers into execution, and are, themselves, the sole judges of such necessity, where are they to stop? Possessing the sword and the purse of the whole confederacy, nothing more than the establishment of such a principle is wanting to vest congress with absolute power, and to effect a complete consolidation of the states.

We have seen that the constitution of the U. S. does not give congress the power of vesting jurisdiction in the state courts; the constitution and laws of Ohio do not give us jurisdiction, nor can we sustain it on general principles of law.

An opinion has been read, in which it is stated that the 2d article of the constitution of the U. S. vests in the government of the U. S. a *priviledge* of having their causes determined in their own courts, and that this priviledge may be *waived* by them, and where the priviledge of trying their causes in their own courts is waived by the government of the U. S. there is nothing to prevent the state courts

U. S. v. Craig,
Washington
co. P. common
pleas, Roberts
president.

from taking cognizance of such causes. By the 1st article <span>JEFFERSON.</span>
of the constitution, the legislative powers of the United <span>June .1816.</span>
States are vested in congress. By the 2d article, the execu- United States
tive power of the United States is vested in a president. I <span>v. Campbell.</span>
do not see why this doctrine of *priviledge* and *waiver* may not, with
as much reason, be applied to the legislative and executive, as to
the judicial power, and so the whole government of the United States
be *waived*. I cannot, indeed, understand why the state courts have a
jurisdiction to enforce the penal laws of the United States government,
depending, not on the constitution and law under which they are
organized, but on the fact whether the United States provide for trying
such causes in their own courts, or not. For a court to have any juris-
diction, subject to increase, to diminution, or entire abstraction, at the
will of *another government* than that which created it, is a singular,
and, I should think, very a unsound theory.

The second question raised in this case is, whether this court can
sustain a criminal prosecution by information, under the constitution
of this state.

By the 10th section of the 8th article of the constitution of Ohio,
it is declared " that no person arrested or confined in jail, shall be put
to answer any criminal charge, but by presentment, indictment, or
impeachment." An information is as much a criminal prosecution, as
an indictment. The same process issues on the one as on the other,
to bring the person charged, or informed against, before the court;
and that process, with us, is a capias. The defendant has been taken
by a capias, and is now holden to answer this information. I think
that a fair construction of our constitution requires us to hold, that
the proceeding, by information, is prohibited.

If we examine the history of informations, we shall find that they
have crept into use against the plain meaning of Magna Charta; that,
although in England a series of precedents support them, yet they are
neither congenial to our principles of government, or countenanced or
permitted by the state constitution. Such is the unanimous opinion
of this court.

Information quashed.